IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER, | No. C 09-01144 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL INFRINGEMENT CONTENTIONS THAT COMPLY WITH PATENT LOCAL RULE 3-1 AND DENYING DEFENDANT'S MOTION TO STRIKE** |
| v. | |
| MICREL INCORPORATED, | |
| Defendant. | |

Defendant has filed a motion to strike or compel infringement contentions that comply with Patent Local Rule 3-1. The motion is scheduled for hearing on February 12, 2010. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court hereby GRANTS defendant's motion to compel infringement contentions that comply with Patent Local Rule 3-1, and DENIES the motion to strike.

**BACKGROUND**

Plaintiff Bender alleges that defendant Micrel, Inc. infringes U.S. Patent Number 5,103,188 ('188 Patent). FAC ¶ 6. The '188 Patent is entitled "Buffered Transconductance Amplifier," and covers a subset of electrical circuits that amplify complex or high speed signals. *Id.* Plaintiff believes that "the analog amplifier architectures embodied in the subject claims of the '188 Patent have become text book examples of analog amplifiers and are an enabling technology, used ubiquitously in the analog electronics industry." Plaintiff's Opposition, Docket No. 40 at 8. In 2008, plaintiff reviewed data sheets and other public information from multiple semiconductor manufacturers, and decided to commence

this lawsuit against Micrel. *Id.*

At issue is defendant's Motion to Strike or Compel Infringement Contentions that Comply with Patent Local Rule 3-1. Defendant contends that plaintiff has failed to follow Patent Local Rule 3-1 because the infringement contentions do not contain specific information as to the exact location of the infringing components of defendant's products, or representative claim charts for every product accused of infringement. Defendant asks that the Court either strike the infringement contentions or compel plaintiff to provide infringement contentions that comply with Patent Local Rule 3-1.

**LEGAL STANDARD**

The Patent Local Rules for the United States District Court for the Northern District of California require that the "Disclosure of Asserted Claims and Infringement Contentions" contain "[s]eparately for each asserted claim, each accused . . . instrumentality ('Accused Instrumentality') . . . of which the party is aware . . . . [t]his identification shall be as specific as possible . . . . [e]ach product, device, and apparatus shall be identified by name or model number, if known." Patent L.R. 3-1(b). The infringement contentions also must contain "a chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L.R. 3-1©.

**DISCUSSION**

Plaintiff's infringement contentions consist of two documents. The first is a list of every product (205 total) made by defendant that allegedly infringes plaintiff's patent, divided into broad groups entitled "Linear ICs,"[1] "Fiber Optic ICs," "High-Speed Comms ICs," "Precision Edge ICs High Speed Logic Functions," and "RF Wireless ICs." Huffsmith Declaration in Support of Defendant's Motion, Docket No. 34, Exhibit C. Each large group is then partitioned further into smaller groups containing somewhere between two and forty-four of defendant's products. *Id.* The second document in plaintiff's infringement contentions is the claim charts, which are required under Patent L.R. 3-1©. *Id.* at Exhibit

---

[1] "IC" stands for "integrated circuit."

D. Five claim charts are included, one for each of the broad groups of allegedly infringing products mentioned above. *Id.* Each chart identifies components of the patent, and gives some very limited information about the location of that component within defendant's products. *Id.*

Defendant notes that "[t]he overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Intertrust Techs. Corp. v. Microsoft Corp.*, No. 01-1640, 2003 U.S. Dist. LEXIS 22736, at *6 (N.D. Cal. Nov. 26, 2003). Defendant argues that plaintiff's infringement contentions do not comply with Patent L.R. 3-1 for at least the following reasons: (1) the "representative" claim charts do not actually represent all of the products named, and (2) the "locations [of the infringing components specified in the claim charts] are too vague." Defendant's Motion, Docket No. 30.

Plaintiff responds to the charge that the claim charts improperly group disparate products into "representative" categories by stating that his patent covers a type of amplifier that is "the 'workhorse' of the analog electronics industry." *Id.* at 15. Typically, according to plaintiff, "[a] semiconductor manufacturer will create a 'model amplifier' which behaves in a certain way and will use that . . . whenever an amplifier is needed in the design of the product." *Id.* Therefore, "by identifying a single product with an infringing amplifier, all other products which make use of the same or similar infringing architectures must necessarily infringe as well." *Id.* While the Court is not prepared at this time to ask that plaintiff prepare a separate claim chart for *every* allegedly infringing product, at the very least a better explanation of how the claim charts are "representative" is warranted. Simply asserting that a patent is ubiquitous within an industry, or that every product defendant has created contains the patented amplifier because one product does, is insufficient to satisfy the Patent Local Rules.

Plaintiff also argues that the claim charts specify the location of the infringing components, in language that "is unequivocal and clear." Plaintiff's Opposition at 11. The Court does not agree with this assessment. Although the claim chart for "Precision Edge ICs / High Speed Logic Functions" does

at least contain references to pin[2] numbers within the allegedly infringing products, most of the locations given appear to be vague. For example, the "Linear ICs" claim chart states that the infringing elements are "located in the amplifier on the integrated circuit contained in the product. There is no circuitry on the integrated circuit except for the amplifier." Huffsmith Declaration in Support of Defendant's Motion, Exhibit D. This phrase is copied and pasted repeatedly, without variation, for each element of the patent. Plaintiff has made no attempt to identify the precise location within defendant's product where the infringing component is located. Plaintiff argues that he cannot be more specific without obtaining defendant's detailed schematics, but the Court will not permit plaintiff to proceed at this point in the absence of claim charts containing more substantive infringement contentions.

One of the purposes of Patent Local Rule 3-1 is to facilitate the exchange of information between parties so that discovery can proceed in an orderly fashion. Plaintiff's infringement contentions resemble a "shotgun" approach, asking defendant to produce schematics for 205 products based on claim charts that only identify five "representative" infringing products. The Rules are designed to make discovery manageable, and to reduce the likelihood that defendant will need to spend time and money defending products that were mistakenly included in plaintiff's contentions.

Furthermore, the Court takes notice that plaintiff has filed 24 similar patent infringement claims in the Northern District of California between March and December of 2009. The courts have decided motions to compel infringement contentions that comply with Patent L.R. 3-1 brought by the defendants in three of those cases, and the motions have been granted in every instance. *See Bender v. Advanced Micro Devices, Inc.*, No. 09-CV-1149 (N.D. Cal. February 1, 2010) ; *Bender v. Intersil Corp.*, No. 09-CV-1155 (N.D. Cal. October 29, 2009); *Bender v. Int'l Bus. Machs. Corp.*, No. 09-CV-1249 (N.D. Cal. November 13, 2009). In another instance, plaintiff has responded to a motion to compel by volunteering to amend his infringement contentions. *Bender v. Maxim Integrated Products, Inc.*, No. 09-CV-1152. The infringement contentions provided by plaintiff in each of the above cases were

---

[2] A "pin" is the external connection point for an integrated circuit. *See, e.g.*, Declaration of Steven H. Kuhn, Docket No. 41 at 1.

4

similarly generic to those in the case at hand, often consisting solely of the phrase "[t]his element is located on the integrated circuit contained in the product." Huffsmith Declaration, Exhibit D.

Given these prior rulings, plaintiff has now been put on repeated notice that the initial infringement contentions filed with defendant were deficient. Although the Court is not prepared to grant defendant's motion to strike at this time, plaintiff's amended infringement contentions should be significantly improved. Plaintiff needs to: (1) provide defendant specific locations that identify where the alleged infringement occurs, and (2) demonstrate that the "representative" products are in fact accurate representations of the other 205 allegedly infringing products. If the amended infringement contentions are again insufficient, the Court will be prepared to reconsider a motion to strike.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby DENIES defendant's motion to strike plaintiff's infringement contentions, and GRANTS defendant's motion to compel infringement contentions that comply with Patent L.R. 3-1.[3]  (Docket No. 30).

**IT IS SO ORDERED.**

Dated: February 6, 2010

SUSAN ILLSTON
United States District Judge

---

[3] Defendant has also raised an objection to the Declaration of Steven H. Kuhn, arguing that Mr. Kuhn lacks personal knowledge, is not qualified to offer testimony, and that the declaration fails to meet the requirements for expert testimony. This declaration was not material to the Court's decision, and therefore no ruling on the objection is required.

5